ON MOTION FOR CLARIFICATION AND PETITION FOR REHEARING
By way of motion for clarification PERC contends that this court misinterpreted PERC’s admission of error in its brief regarding back pay awarded Officer Healy and overlooked its similar admission regarding Officer Frost. The Town of Pembroke Park petitions for rehearing on the basis that we overlooked the Town’s contention that PERC erred in failing to deduct social security benefits received by Officer Politi from the amount of back pay awarded.
We grant the motion for clarification and vacate the second full paragraph on page nine of our opinion and in its place insert the following:
Several other points made by FOP involve alleged errors in determining the back pay due the officers. We have considered each contention and find no merit therein except in the case of Officers Politi, Frost and Healy. PERC readily admits that it erred in computing Politi’s back pay for February, 1982, and Frost’s back pay for March, 1982, since each sought employment from the Seminole Police Department during those respective months. With regard to Healy’s back pay award, PERC admits error in not reversing the hearing officer’s setoff of income received by Healy during the nine months in question. In awarding Healy back pay for the entire nine months from February through October, 1981, the hearing officer deducted workers’ compensation benefits and imputed earnings as a setoff. When PERC reversed the hearing officer’s award and deducted the nine months’ back pay, it failed to add back the amount previously set off, resulting in a double deduction. These concessions should be rectified upon remand.
The Town’s petition for rehearing is denied. Its argument relative to Officer Poli-ti’s receipt of social security disability benefits was considered by the court and found to be without merit.
Accordingly, the petition for rehearing filed by the Town of Pembroke Park is denied and the motion for clarification filed by The Florida Public Employees Relations Commission is granted and the opinion of this court filed August 27,1986, is modified as set forth herein.
HURLEY, DANIEL T.K., and WESSEL, JOHN D., Associate Judges, concur.